UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FIRST NATIONAL BANK OF ONEIDA,
N.A.,

    Plaintiff,

v.                                                   Case No: 8:16-cv-51-T-17MAP

DONALD H. BRANDT,

    Defendant.

_____

## ORDER

This cause came before the Court pursuant to the *Defendant's Motion to Dismiss or in the Alternative to Abstain and/or Transfer* (Doc. No. 9) (the "**Motion to Dismiss**") and the *Memorandum of Law in Support of Defendant's Motion to Dismiss or in the Alternative to Abstain or Transfer Case* (Doc. No. 10) (the "**Memorandum**") filed by the Defendant, Donald H. Brandt (the "**Defendant**" or "**Brandt**"), as well as the *Plaintiff's Response to Defendant's Motion to Dismiss or in the Alternative to Abstain and/or Transfer Case* (Doc. No. 17) (the "**Response**") filed by the Plaintiff, First National Bank of Oneida, N.A. (the "**Plaintiff**" or "**FNBO**"). For the reasons set forth below, the Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**.

I.    Background

The Plaintiff commenced this case by filing a *Complaint* (Doc. No. 1) (the "**Complaint**") against the Defendant on January 8, 2016. Through the Complaint, the Plaintiff alleges that between 2007 and 2009, FNBO made loans to Brandt that were secured by liens on real property located in Tennessee and Texas (the "**FNBO Loans**"). (Complaint, at ¶¶ 6-9). The Plaintiff alleges that on July 29, 2009, Brandt filed a voluntary

petition under Chapter 11 of the Bankruptcy Code in the Middle District of Florida, Case No. 8:09-bk-16166-CPM (the "**Bankruptcy Case**"). (Complaint, at ¶ 7). FNBO alleges that Brandt listed the Plaintiff as a fully secured creditor in the Bankruptcy Case. (Complaint, at ¶ 8). The Plaintiff alleges that it filed proofs of claim in the Bankruptcy Case (the "**Proofs of Claim**"), and that Brandt did not object to the Proofs of Claim. (Complaint, at ¶¶ 9-10).

The Plaintiff alleges that Brandt filed his Chapter 11 Plan (the "**Plan**") on February 18, 2010. (Complaint, at ¶ 12). FNBO alleges that according to the Plan, Brandt proposed (i) to pay FNBO interest on the FNBO Loans at a reduced rate of six percent (6%), and (ii) for Brandt to issue FNBO a promissory note in the amount of $142,353.65 (the "**Plan Note**"), secured by real property owned by the Defendant, to compensate FNBO for unpaid interest that had accrued during the Bankruptcy Case. (Complaint, at ¶¶ 12-13). On May 28, 2010, the Plaintiff alleges that Brandt executed the Plan Note and related documents. (Complaint, at ¶ 13).

The Plaintiff alleges that the Bankruptcy Court entered an order confirming the Plan on December 31, 2011 (the "**Confirmation Order**"). (Complaint, at ¶ 14). FNBO alleges that subsequent to confirmation, Brandt did not comply with his obligations under the Plan, Confirmation Order, and Plan Note. (Complaint, at ¶ 15). In particular, FNBO alleges that Brandt failed to make payments on the Plan Note and FNBO Loans, and failed to pay real estate taxes on the properties securing those obligations. (Complaint, at ¶ 15).

The Plaintiff alleges that as a result of Brandt's defaults, it was granted stay relief to foreclose on several of the Defendant's properties. (Complaint, at ¶¶ 16-17). According

2

to the Plaintiff, foreclosure sales were held, and as of September 15, 2015, the proceeds from the sale of FNBO's collateral resulted in a net deficiency on the FNBO Loans and Plan Note of $1,210,266.20. (Complaint, at ¶ 22). As a result, the Plaintiff alleges that it sought and obtained stay relief to pursue its *in personam* rights against Brandt, which it seeks to reduce to judgment through this lawsuit. (Complaint, at ¶¶ 18 & 24).

The Defendant filed the Motion to Dismiss and Memorandum on February 26, 2016, in which he argues that the Complaint should be dismissed, with prejudice, because FNBO failed to comply with conditions precedent set forth in the Plan. (Motion to Dismiss, at ¶ 13). In particular, the Defendant notes that the Plan states that: "**Any secured creditor who has filed a secured claim and claims an entitlement to an unsecured claim must file an amended claim seeking entitlement to an unsecured claim by 30 days after the confirmation hearing.**" (Memorandum, at Ex. 1, p. 12) (emphasis in original). According to the Defendant, FNBO failed to comply with the referenced provision and, as a result, waived any right to recover an unsecured deficiency claim from Brandt. The Defendant further argues, in the alternative, that the Court should abstain from hearing the case and/or should transfer the case to the Chancery Court of Campbell County, Tennessee. (Motion to Dismiss, at ¶¶ 14-16).

The Plaintiff filed its Response on March 18, 2016. Through the Response, the Plaintiff argues that since Brandt's bankruptcy schedules listed FNBO as a fully secured creditor, the Defendant acknowledged that FNBO was entitled to be paid in full on its debt. (Response, at 3). The Plaintiff argues that payment in full necessarily means that FNBO was not relegated to look to its collateral to guarantee payment, but instead was entitled to receive payment in full through foreclosure of its collateral and/or from the Defendant

personally. In support, the Plaintiff notes that Brandt's bankruptcy schedules indicate that he owned non-exempt, unencumbered property that would have been required to be devoted to unsecured creditors, rather than retained by the Defendant, under the "absolute priority rule." (Response, at 6). Had FNBO understood that Brandt was proposing to pay anything less than 100% of its claims under the Plan, the Plaintiff contends that it would have objected to confirmation and the Plan would not have been confirmed. The Plaintiff further argues that the Defendant's position that the Court should abstain and/or transfer the case is without merit.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. When reviewing a motion to dismiss, a court must "accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Alvarez v. Attorney Gen. for Fla.*, 679 F.3d 1257, 1261 (11th Cir. 2012). Legal conclusions, as opposed to well-pled factual allegations, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Courts apply a two-pronged approach when considering a motion to dismiss. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). First, a court must "eliminate any allegations in [a] complaint that are merely legal conclusions." *Id.* A court must then take any remaining well-pleaded factual allegations, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (internal quotations omitted). A complaint that does not "contain sufficient factual matter, accepted as true, to state a claim . . . plausible on its face" is subject to dismissal. *Id.* at 1289. Further, dismissal is warranted under Rule 12(b)(6) if, assuming the truth of the

4

complaint's factual allegations, a dispositive legal issue precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

### III. Legal Analysis

The Plaintiff's argument in response to the Motion to Dismiss is an unusual one. Essentially, the Plaintiff argues that the Plan cannot have the effect Brandt says it does --- because if it did --- FNBO would have objected to confirmation under the "absolute priority rule." Thus, according to FNBO, the Plan must not mean what it says --- because if it did --- it would not have been confirmed. This argument is circular in that FNBO did not raise an "absolute priority rule" objection prior to the confirmation hearing, but now seeks to interpret the Plan and Confirmation Order as if the objection had been raised. Due to this circularity, it is the view of the Court that the Plaintiff cannot rely on the "absolute priority rule" or other similar confirmation objections as reasons why the Plan should not be interpreted as written. To the contrary, the Plan and Confirmation Order are clear: "the Debtor's Plan *and its provisions*, shall be binding upon the Debtors and upon all creditors of the Debtors . . . . [and] confirmation of the Debtors' (sic) Plan binds the Debtor . . . and any creditor." (Confirmation Order, at ¶¶ 16 & 22) (emphasis added). Thus, the Plaintiff and Defendant are bound by the Plan and Confirmation Order, and the Court will consider whether the allegations in the Complaint plausibly give rise to an entitlement to *in personam* relief under the Plan and Confirmation Order.

To summarize, the Plan classifies the Plaintiff's claims into two classes of secured claims: Class 19 and Class 34. (Plan, at 3 & 4). Both classes are defined as "[t]he claim of [FNBO], to the extent allowed as a secured claim under §506 (sic) of the Code." (Plan, at 3 & 4). With respect to Class 19, the Plan proposes that: "[Brandt] shall transfer certain lots located in Powder Mills Subdivision valued at approximately $150,000.00 to [FNBO].

In exchange, [FNBO] will bring [Brandt] current through August, 2010. [Brandt] shall resume his interest only payments beginning September, 2010." (Plan, at 9). With respect to Class 34, the Plan proposes that "[Brandt] is current with his payments to this creditor and shall continue to make the normal monthly payment in accordance with the contract." (Plan, at 11). Class 45, which is defined as "[a]ll unsecured claims allowed under § 502 of the Code," states that "The Debtors (sic) shall make annual lump sum payments in the approximate amount of $30,608.80 for 20% distribution. **Any secured creditor who has filed a secured claim and claims an entitlement to an unsecured claim must file an amended claim seeking entitlement to an unsecured claim by 30 days after the confirmation hearing**." (Plan, at 12).

The Confirmation Order, in pertinent part, states that with respect to FNBO, at the "confirmation hearing conducted on May 16, 2011, the Court was advised, that the Debtor had in fact already executed a Deed of Trust in favor of [FNBO]" as required by the Plan. (Confirmation Order, at ¶ 7). The Confirmation Order goes on to state that "[t]he Court hereby confirms, ratifies and approves the Debtor's execution of a Deed of Trust in favor of [FNBO], as originally recorded on June 14, 2010 . . ." (Confirmation Order, at ¶ 7). The Confirmation Order further provides that with respect to unsecured creditors, "the plan is clarified to provide that they shall receive a payment equal to 100 percent of allowed claims, without interest, payable in annual installments, each of which shall be 20 percent of the amount of the allowed claim for each creditor." (Confirmation Order, at ¶ 19).

Upon review, the Court believes that the Complaint plausibly gives rise to a claim for breach of the Plan Note, but not for any pre-petition deficiency claims based on the FNBO Loans. This is true because regardless of whether FNBO failed to comply with the

6

Plan provisions relating to Class 45 claims, the Plan Note was executed post-petition to compensate the Plaintiff for post-petition interest obligations. As a result, any deficiency claims arising under the Plan Note would not have been included within Class 45, which dealt with pre-petition general unsecured claims. The Plaintiff's deficiency claims based on the FNBO Loans, on the other hand, consist of pre-petition claims that necessarily would have been classified in Class 45. Since FNBO does not appear to dispute that it failed to comply with the Plan's requirements pertaining to Class 45 deficiency claims, the Court is inclined to dismiss the Plaintiff's claims under the FNBO Loans with prejudice. Nevertheless, given that the Motion to Dismiss raises factual issues outside of the pleadings, i.e. whether FNBO complied with the Plan's provisions relating to Class 45 deficiency claims and whether FNBO filed fully-secured Proofs of Claim,[1] the Court will dismiss the Complaint with leave to amend. To the extent that the Plaintiff wishes to pursue a claim for an unsecured pre-petition deficiency claim, the Plaintiff must attach copies of the Plan, Confirmation Order, and Proofs of Claim, and allege compliance with the provisions relating to Class 45 deficiency claims.

Finally, while not necessary to the resolution of the Motion to Dismiss, the argument that the Court should transfer this case to Tennessee under 28 U.S.C. § 1334(c)(2) can be disposed of in summary fashion. Pursuant to 28 U.S.C. § 1334(c)(2) "in a proceeding based upon a State law claim or State law cause of action . . . *with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section*, the district court shall abstain from hearing such proceeding if . . ." 28 U.S.C. § 1334(c)(2). Here, as the Plaintiff points out in the

---

[1] Neither the Plan nor the Proofs of Claim were attached to the Complaint.

Response, the Court has jurisdiction of this case pursuant to 28 U.S.C. § 1332(a), as the Plaintiff and Defendant are residents of different states and the amount in controversy exceeds $75,000.00. Given that there is basis for federal jurisdiction independent of 28 U.S.C. § 1334(a), the Plaintiff's argument that the Court must abstain from hearing this matter under 28 U.S.C. § 1334(c)(2) is unavailing.

## IV. Conclusion

Accordingly, it is

**ORDERED** that the Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**. The Complaint is **DISMISSED** with leave to amend. Any amended complaint must be filed within 30 days from entry of this order. If no amended complaint is filed within the time permitted, the Court will assume that the Plaintiff is only pursuing its claims under the Plan Note, and the Defendant must answer the Complaint within 21 days thereafter.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 13th day of May, 2016.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

All Parties and Counsel of Record