UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FIRST NATIONAL BANK OF ONEIDA,
N.A.,

    Plaintiff,

v.                                               Case No: 8:16-cv-51-T-17MAP

DONALD H. BRANDT,

    Defendant.

_____

### ORDER DENYING MOTION TO VACATE CLERK'S DEFAULT

This cause comes before the Court pursuant to the *Defendant's Motion to Set Aside Default, Response to Motion for Default Judgment and Memorandum of Law in Support Thereof* (Doc. No. 46) (the "**Motion to Vacate**") filed by the Defendant, Donald H. Brandt (the "**Defendant**" or "**Brandt**"), and the *Plaintiff's Response to Defendant's Motion to Set Aside Default* (Doc. No. 48) (the "**Response**") filed by the Plaintiff, First National Bank of Oneida, N.A. (the "**Plaintiff**" or "**FNBO**"). For the reasons set forth below, the Motion to Vacate is **DENIED**.

I.      **Introduction**

The Court must decide whether there is good cause to set aside a clerk's default entered against the Defendant. In determining whether good cause exists to warrant setting aside a default, courts examine several factors, including whether the Defendant has a potentially meritorious defense to the suit. Because defenses relating solely to the issue of damages, as opposed to liability, do not constitute meritorious defenses for purposes of setting aside a default, and the Defendant has not asserted any potentially meritorious defenses bearing on his liability for the Plaintiff's claims, the Defendant has

failed to demonstrate that good cause exists to set aside the default. Accordingly, the Motion to Vacate will be denied.

## II. Background

### A. FNBO loans money to Brandt; Brandt files for bankruptcy and later defaults under his restructured obligations with FNBO.

The claims in this case arise from loans that FNBO made to Brandt in 2007 and 2009 (the "**FNBO Loans**") secured by liens on real property located in Tennessee and Texas. Subsequent to the making of those loans, Brandt filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the Middle District of Florida, Case No. 8:09-bk-16166-CPM (the "**Bankruptcy Case**") on July 29, 2009. In connection with confirmation of Brandt's Chapter 11 plan of reorganization, Brandt issued FNBO a promissory note in the amount of $142,353.65 (the "**Plan Note**") to compensate FNBO for unpaid interest that had accrued during the Bankruptcy Case. The Bankruptcy Court entered an order confirming Brandt's plan on December 31, 2011 (the "**Confirmation Order**"). Following confirmation of the plan, the Plaintiff alleged that Brandt defaulted on the Plan Note and FNBO Loans. The Bankruptcy Court granted FNBO stay relief to pursue its *in rem* rights against Brandt, which resulted in foreclosure sales of the properties securing Brandt's obligations. The sales of Brandt's properties apparently resulted in a deficiency, so FNBO sought and obtained stay relief to file this case to pursue its *in personam* rights, if any, against Brandt.

### B. FNBO sues to recover a deficiency judgment under the FNBO Loans and Plan Note.

Following the Bankruptcy Court's order, FNBO commenced this case by filing a complaint (Doc. No. 1) (the "**Complaint**") against Brandt on January 8, 2016. Despite having been pending for more than one year, this action has yet to progress beyond the

pleadings' stage. Much of the delay has been caused by uncertainty regarding the scope of Brandt's remaining obligations to FNBO under the FNBO Loans and Plan Note. Pursuant to orders entered on May 13, 2016 and October 25, 2016 (Doc. Nos. 21 and 32) (the "**Dismissal Orders**"), the Court resolved that issue by holding that Brandt's *in personam* obligations to FNBO consist solely of his obligations under the Plan Note. In other words, the Court dismissed FNBO's claims to the extent it sought a deficiency judgment under the FNBO Loans, and restricted FNBO's recovery to any amounts owed under the Plan Note. Consistent with the latter of the Dismissal Orders, the Plaintiff filed a second amended complaint (Doc. No. 33) (the "**SAC**"), seeking to recover the amounts owed under the Plan Note only, on October 31, 2016.

### C. Brandt's local counsel moves to withdraw from the case; the assigned Magistrate Judge grants the motion subject to certain requirements.

Four days after the Plaintiff filed the SAC, the Defendant's local counsel, Joel S. Treuhaft, filed a motion to withdraw (Doc. No. 34) (the "**Motion to Withdraw**"), citing irreconcilable differences with his client. Through the Motion to Withdraw, Mr. Treuhaft requested that the Court "stay these proceedings 15 days from the entry of the order granting this Motion, to allow the Defendant to obtain new counsel." The Plaintiff responded to the Motion to Withdraw on November 7, 2016, and noted that staying the proceedings would disrupt the parties' mediation already scheduled for November 11, 2016. The Plaintiff further noted that the Defendant was still represented by separate *pro hac* counsel, John Phillip Newton, so there was no need for the case to be stayed pending retention of additional counsel. On November 15, 2016, the Magistrate Judge granted the Motion to Withdraw, ordered Brandt to obtain new local counsel within 14 days, and

warned Brandt that failure to do so would result in the termination of Brandt's *pro hac* counsel, Mr. Newton (Doc. No. 37) (the "**Withdrawal Order**").

### D. Brandt fails to respond to the SAC within the time permitted.

Pursuant to Federal Rule of Civil Procedure Rule 15(a)(3), the Defendant had 14 days from service of the SAC to respond. Since the Plaintiff served Brandt with the SAC on October 31, 2016, the deadline to respond to the SAC was November 14, 2016. Adding three days to account for electronic service under the former version of Rule 6(d), the latest possible deadline for Brandt to respond to the SAC appears to have been November 17, 2016.

Nevertheless, to the extent that the Withdrawal Order can be read to have granted Brandt a 15 day stay to retain substitute local counsel, the case would have been stayed for a period of 15 days beginning on November 15, 2016. The 15 day period would have expired on November 30, 2016; assuming that Brandt would still be entitled to two additional days to respond to the SAC (Brandt would have still had two days to respond to the SAC when the case was stayed on November 15, 2016, assuming an original response deadline of November 17, 2016), the latest possible deadline for the Defendant to respond to the SAC was December 2, 2016.

A review of the docket reflects that Brandt did not respond to the SAC with the time permitted.

### E. The Plaintiff moves for a Clerk's Default and final default judgment; a Clerk's Default is entered against Brandt.

On November 23, 2016, given that it appeared the Defendant had failed to timely respond to the SAC, the Court entered an order to show cause why the case should not be dismissed against FNBO for failing to promptly move for a clerk's default. (Doc. No.

39) (the "**Show Cause Order**"). The docket reflects that both parties were served with the Show Cause Order on November 23, 2016, and that no activity occurred until November 30, 2016, when the Plaintiff moved for entry of a clerk's default. A Clerk's Default was entered on December 1, 2016, and the Plaintiff moved for entry of a final default judgment (Doc. No. 42) on December 5, 2016.

F. **Brandt seeks to vacate the Clerk's Default.**

Eight days after the Plaintiff moved for a final default judgment, on December 13, 2016, Brandt filed a *pro se* "Motion to Extend Time and Delay Entry of Default Judgment" (Doc. No. 45) (the "**Motion to Extend**"). Through the Motion to Extend, Brandt seeks additional time to respond to the motion for final default judgment pending approval of his substitute counsel's employment application by the Bankruptcy Court. On December 19, 2016, the Defendant, through his substitute counsel, filed the Motion to Vacate, seeking to vacate the Clerk's Default. In support, the Defendant attaches a proposed *Answer and Defenses* (the "**Answer and Defenses**"), and claims that good cause exists to warrant vacating the Clerk's Default based on (1) the short period of time that elapsed between expiration of the deadline to respond to the SAC and the filing of the Motion, (2) the issues surrounding the withdrawal of the Defendant's prior counsel, and (3) the lack of any prejudice suffered by the Plaintiff. The Plaintiff filed its Response on December 30, 2016, arguing that Brandt had no excuse for failing to timely respond to the SAC, as he was represented by counsel through November 29, 2016, and that the Answer and Defenses do not put forth any meritorious defenses to liability under the Plan Note.

III. **Discussion**

A district court may set aside the entry of a Clerk's Default "for good cause." *Lorenzo v. Wells Fargo Bank, N.A. (In re Lorenzo)*, 606 F. App'x 548, 551 (11th Cir. 2015).

"Good cause is not susceptible to a precise formula." *Id.* Rather, courts consider numerous factors to determine whether a litigant has shown good cause to set aside an entry of default. *Id.* Those factors include (1) whether the defaulting party presented a meritorious defense to the suit; (2) whether the failure to act was willful; (3) whether the non-defaulting party would suffer prejudice as a result of the default being set aside; (4) whether the public interest is implicated; (5) whether the defaulting party suffered significant financial loss, and (6) whether the defaulting party acted promptly to correct the default. *Id.* "These factors are not 'talismanic,'" and the goal behind them is to identify whether circumstances warrant a finding of good cause to set aside the default. *Id.* Importantly, "[c]ourts have found the lack of a meritorious defense particularly important in assessing whether good cause exists to set aside an entry of default." *Id.* "This makes good sense: If a defendant can offer no meritorious defense to a claim, litigating that claim is just a longer road to the same destination reached by the entry of default." *Id.*

Here, a review of the Motion to Vacate demonstrates that the Defendant lacks a meritorious defense to the SAC. The Defendant only raises three affirmative defenses: (1) improper valuation of FNBO's collateral; (2) failure to comply with Brandt's plan of reorganization in the Bankruptcy Case; and (3) failure to apply collateral sources of recovery, such as mortgage insurance or other rights of setoff. Of these, the first and third relate solely to the issue of damages, not to Brandt's ultimate liability in the action. This is an important distinction because defenses relating solely to the issue of damages, as opposed to liability, do not constitute meritorious defenses for purposes of setting aside a default. *See Jeri-Jo Knitwear, Inc. v. E.S. Sutton, Inc.*, 1995 WL 714367, at *3 (S.D.N.Y. Dec. 1, 1995). Moreover, while the second affirmative defense does go to the merits of

6

FNBO's claims, the Court previously ruled that the Plan Note constitutes a post-petition obligation not subject to the terms of Brandt's plan of reorganization pertaining to general unsecured claims. *See* (Doc. No. 21, at 6-7). Thus, the Court has already rejected Brandt's second affirmative defense as it pertains to FNBO's claims under the Plan Note. Accordingly, Brandt has failed to put forward any meritorious defense as to liability under the Plan Note and, as a result, the first (and most important factor) cuts strongly in favor of the Plaintiff.

Turning to the remaining factors, the Court does not believe that the Defendant has identified sufficient facts to warrant setting aside the Clerk's Default. As to the first factor, there is no indication that Brandt's failure to respond to the SAC was anything other than willful. As evidenced by the motion to extend time he filed on December 13, 2016, Brandt has demonstrated that he is more than capable of filing *pro se* papers and motions. Nevertheless, Brandt failed to respond to the SAC even after having the issue brought to his attention through the Show Cause Order. Brandt's failure to respond to the SAC after being put on notice that his response was overdue demonstrates a willful failure to act on the part of the Defendant. Turning to the third and fifth factors, while the Court does not believe the Plaintiff would suffer significant prejudice as a result of setting aside the Clerk's Default, it is also worth noting that the Defendant does not stand to suffer any significant financial loss if the Motion is denied. This is because the Defendant may still raise any defense bearing on the amount of damages in response to the motion for final default judgment. Finally, while the Court will concede that the Defendant moved quickly in seeking to set aside the default, this does not outweigh the public's interest in the prompt and efficient resolution of this case. Simply put, both parties will benefit if the

remaining damages-related issues are resolved through a truncated proceeding on the motion for final default judgment. Reopening this case for discovery and protracted motion practice will do little to advance the private or public interests at stake in this action.

## IV. Conclusion

Accordingly, it is

**ORDERED** that the Motion to Vacate is **DENIED**, and the Motion to Extend is **DENIED AS MOOT**.

It is further **ORDERED** that Brandt shall respond to the Plaintiff's motion for final default judgment on or before January 31, 2017, at which point the matter will be referred to the assigned Magistrate Judge for a report and recommendation.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 17th day of January, 2017.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record