UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FIRST NATIONAL BANK OF
ONEIDA, N.A.,

    Plaintiff/Appellee,

v.                                                  Case No. 8:16-cv-51-AAS

DONALD H. BRANDT,

    Defendant/Appellant.
_____/

## ORDER

First National Bank of Oneida, N.A. (First National) requests an award of $25,675.77 in attorney's fees incurred on appeal. (Doc. 145). Mr. Brandt did not respond to First National's motion even after the court warned Mr. Brandt that the motion could be treated as unopposed. (Doc. 146); *see* Local Rule 3.01(c), M.D. Fla. ("If a party fails to timely respond [to a motion], the motion is subject to treatment as unopposed.").

## I.    BACKGROUND

First National asserted deficiency claims after the sale of several collateral properties securing loans on which Mr. Brandt defaulted. (Doc. 80). The district court granted First National's motion for summary judgment on each of its claims and awarded First National $1,227,712.95. (Doc. 124). The

1

Clerk of Court entered final judgment. (Doc. 125).

First National requested an award of attorney's fees and costs incurred at the trial level based on the underlying contract. (Doc. 128). Mr. Brandt did not dispute First National's entitlement to attorney's fees and costs but sought a reduction of First National's requested hourly rates and hours expended. (Doc. 135). The parties then reached an agreement and based on the parties' stipulation, the court awarded First National its attorney's fees and costs of $84,000 against Mr. Brandt. (Doc. 137).

Mr. Brandt appealed and requested reversal of the court's summary judgment ruling. (Doc. 129). The Eleventh Circuit Court of Appeals affirmed the district court's final judgment in favor of First National. (*See* Doc. 142, 143).

First National now requests an award of its attorney's fees incurred on appeal. (Doc. 145). Mr. Brandt never responded to the motion.

## II. ANALYSIS

The court will first address First National's entitlement to attorney's fees incurred on appeal and then the fee amount requested.

### A. Entitlement to Appellate Attorney's Fees

The court applies the substantive law of Florida to determine entitlement to attorney's fees. *Transcoastal Roofing Co., Inc. v. David Boland, Inc.*, 309 F.3d 758, 760 (11th Cir. 2002). "[P]rovisions in ordinary contracts

awarding attorney's fees and costs to the prevailing party are generally enforced…[and] [t]rial courts do not have the discretion to decline to enforce such provisions, even if the challenging party brings a meritorious claim in good faith." *Yellow Pages Photos, Inc. v. Ziplocal, L.P.*, 846 F.3d 1159, 1161 (11th Cir. 2017) (citation omitted).

The loans included this provision:

> **COLLECTION COSTS AND ATTORNEY'S FEES:** . . . In addition, if you hire an attorney to collect this note, I also agree to pay any fee you incur with such attorney plus court costs (except where prohibited by law). . . .

(Doc. 80-1, pp. 3, 15, 30, 32, 33, 66, 68).

The Real Estate Deeds of Trust provides:

> 18. EXPENSES; ADVANCES ON COVENANTS; ATTORNEYS' FEES; COLLECTION COSTS. . . . Grantor agrees to pay all costs and expenses incurred by Lender in collecting, enforcing or protecting Lender's rights and remedies under this Security Instrument. This amount may include, but is not limited to, attorneys' fees, court costs, and other legal expenses.

(*Id.* at pp. 8, 20, 38, 51, 59, 73, 91).

The Promissory Note provides:

> **Collection Expenses and Attorneys' Fees**. . . . I agree to pay all reasonable and actual expenses of collection, enforcement, or protection of your rights and remedies under this Loan Agreement. Expenses include, but are not limited to, attorneys' fees, court costs and other legal expenses. . . .

3

(*Id.* at pp. 46, 55, 82, 85).

First National prevailed on appeal and is now entitled to its reasonable attorney's fees under the agreements.

B. **Reasonable Attorney's Fees**

In evaluating the request for attorney's fees, a court must calculate the lodestar, which is the number of reasonable hours spent working on the case multiplied by a reasonable hourly rate. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam). The court must also determine whether an adjustment to the lodestar is necessary based on the results obtained. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). The fee applicant bears the burden of establishing entitlement to an award and documenting appropriate hours and hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

"Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations." *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting *Hensley*, 461 U.S. at 436). Further, the court itself is "an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."

4

*Norman v. Housing Auth., City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

First National requests an award of $25,675.77 in attorney's fees for legal work performed between March 25, 2020 (the date of Mr. Brandt's Notice of Appeal), and March 17, 2021 (the date of affirmance of the district court's judgment). This sum represents these appellate hours and hourly rates:[1]

| Timekeeper | Hours | Hourly Rate | Total |
|---|---|---|---|
| David Hywel Leonard (HL) | 11.9 | $705.00 | $8,389.50 |
| Joseph H. Lang, Jr. (JHL) | 6.3 | $650.75-$669.75 | $4,941.00 |
| Nicholas A. Brown (NAB) | 1.3 | $456.00 | $592.80 |
| Darnesha K. Carter (DC) | 33.4 | $375.25–$389.50 | $12,580.42 |
| **Total** | | | **$25,675.77** |

(*See* Doc. 145-1, Ex. B). The court will consider each timekeepers' experience and work performed to determine the reasonableness of the requested hours and hourly rates.

    **1.**    **David Hywel Leonard.** Mr. Leonard is "of counsel" at Carlton Fields' Tampa office and was a shareholder from February 1985 to

---

[1] According to First National, these hourly rates are discounted from the standard rate established by Carlton Fields. (Doc. 145, p. 8).

February 2018. Mr. Leonard has extensive experience in commercial litigation, focusing on enforcement of creditors rights. Mr. Leonard acted as First National's lead counsel at the trial level, and, on appeal, he directed and oversaw mediation and briefing. (*See* Doc. 145-2).

First National requests recovery of 11.9 hours spent by Mr. Leonard in this appeal at an hourly rate of $705.00, for $8,389.50 in attorney's fees. The court finds this fee request is reasonable.

      **2.**      **Joseph H. Lang, Jr.** Mr. Lang is a shareholder in Carlton Fields' Tampa office. Mr. Lang is board certified in Appellate Practice by the Florida Bar. Mr. Lang has practiced law for over twenty-two years at both the trial and appellate levels. In this appeal, Mr. Lang directed and oversaw the drafting of First National's appellate brief. (*See* Doc. 145-3).

First National requests recovery of 6.3 hours spent by Mr. Lang in this appeal at an hourly rate of $650.76-$669.75, for $4,113.05 in attorney's fees. The court finds this fee request is reasonable.

      **3.**      **Nicholas Alexander Brown.** Mr. Brown was an associate in Carlton Fields' Tampa office at the outset of this appeal. Mr. Brown has over five years of experience in state and federal complex litigation. In this appeal, Mr. Brown prepared initial administrative filings.

First National requests recovery of 1.3 hours spent by Mr. Brown in this

appeal at his hourly rate of $456.00 for $592.80 in attorney's fees. The court finds this fee request is reasonable.

    4.    **Darnesha K. Carter.** Darnesha Carter is an associate in Carlton Fields' Tampa office. Ms. Carter practices complex litigation. She has been a member in good standing of The Florida Bar since 2016. Ms. Carter joined this appeal after Mr. Brown departed from Carlton Fields. In this appeal, Ms. Carter performed legal research, assisted in drafting First National's mediation statement and appellate brief, and participated in court-mandated mediation. (*See* Doc. 145-4).

First National requests recovery of 33.4 hours spent by Ms. Carter in this appeal at an hourly rate of $375.25–$389.50 for $12,580.42 in attorney's fees. The court finds this fee request is reasonable.

\*    \*    \*    \*

First National's counsel expended 52.9 hours in this appeal. First National's work on the matter was reasonably, necessary, and appropriate in scope and duration, given the amount in controversy and argument on appeal.

### III. CONCLUSION

Considering the foregoing and Mr. Brandt's lack of response opposition, First National's motion for attorney's fees on appeal (Doc. 145) is **GRANTED**. First National is awarded **$25,675.77** in appellate attorney's fees against Mr.

Brandt.

**ORDERED** in Tampa, Florida July 8, 2021.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge